IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KARI FINLEY, <br><br> Plaintiff, <br><br> vs. <br><br> KEN L. SALAZAR, in his official capacity as the Secretary of the Interior, <br><br> Defendant. | CV 11-142-M-DWM-JCL <br><br><br> ORDER |

Before the Court is Defendant Ken Salazar's motion for summary judgment. (Doc. 14.) Plaintiff Kari Finely brings this employment discrimination action against Salazar in his official capacity as the Secretary of the Department of the Interior. Salazar moved for summary judgment as to all of Finley's claims. United States Magistrate Judge Jeremiah C. Lynch entered findings and a recommendation on March 5, 2012. No objection has been filed to Judge Lynch's recommendation that Salazar's motion be granted.

The Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been

committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging failure to promote, hostile work environment, and retaliation claims. Judge Lynch found each claim deficient and recommended granting Salazar's motion for summary judgment. After a review of Judge Lynch's findings and recommendation, I find no clear error.

This Court lacks jurisdiction over Finley's failure to promote claim. Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title VII. 42 U.S.C. §§ 2000e-5(e), 2000e-16; *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002). Failure to exhaust administrative remedies leaves the district court without subject matter jurisdiction. *Freeman v. Oakland Unified School Dist.*, 291, F.3d 692, 638 (9th Cir. 2002). The applicable administrative scheme includes a requirement that an aggrieved party contact an Equal Employment Opportunity Counselor within 45 days of the alleged discrimination. *See* 29 C.F.R. § 1614.105(a)(1). It is undisputed that Finley waited longer than this period to contact an Equal Employment Opportunity Counselor. "Failure to comply with this regulation [is] fatal to a federal employee's discrimination claim." *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). Jurisdiction is not proper over Finley's Title VII claims because she did not

exhaust her administrative remedies by failing to timely initiate contact with an Equal Employment Opportunity Counselor.

Summary judgment in favor of Salazar is appropriate on Finley's hostile work environment claims because Finley fails to present all elements of a prima facie claim that her employer violated Title VII. The discriminatory conduct that forms the basis of a complaint must be "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). While Finley may have taken issue with her supervisor's comments and behavior, they do not rise to the level of severity or pervasiveness to form the basis for a Title VII claim.

Finley must also exhaust administrative remedies as to her retaliation claim. Under *National Railroad Passenger Corp. v. Morgan*, a plaintiff who complains of more than one discriminatory or retaliatory act must timely exhaust administrative remedies as to each. 536 U.S. 101, 114 (2002). *Morgan* distinguished between discriminatory acts and hostile work environment claims, viewing the latter as a singular continuing violation. *Id.* at 117. Similarly, for retaliation claims based on the filing of a complaint with an Equal Employment Opportunity Counselor, administrative exhaustion is not required and subject matter jurisdiction before the district court exists where the retaliation claim is

reasonably related to the administrative complaint. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004). In *Vasquez*, the Court of Appeals considered plaintiff's claims he had been retaliated against before and after bringing his complaint to the Equal Employment Opportunity Counselor. *Id*. at 645. There, plaintiff's pre-charge retaliation claims were sufficiently related, and thereby excused from the specific-exhaustion requirement articulated by the Court in *Morgan*, because the relevant facts and underlying acts were presented in the charge. *Vasquez*, 349 F.3d at 645. Plaintiff failed to exhaust administrative remedies as to his post-charge retaliation claims because he failed to present the legal theory of unlawful retaliation in his charge and the retaliation claim relied on different operative facts from the original charge. *Id*. In applying this standard the Court considers whether the plaintiff's alleged retaliatory acts either fell "within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Id*. at 644. The Court reads the plaintiff's Equal Employment Opportunity charge liberally in making this determination. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002).

Finley has not completely exhausted administrative remedies as to her post-charge retaliation claim. As in *Vasquez*, Finley never raised retaliation as a legal theory during the administrative proceedings. Even given a liberal reading, there is nothing to suggest the facts alleged in Finley's Equal Employment Opportunity

charge would have led to an investigation of her retaliation claims. Finley may not bootstrap her post-charge retaliation claim because her Equal Employment Opportunity charge does not present a theory of retaliation or set forth the operative facts upon which her retaliation claim is premised. Furthermore, as Judge Lynch notes, the operative facts for some of Finley's retaliation claims stem from conduct prior to her Equal Employment Opportunity charge. She could have included these allegations of fact in her July 2010 Equal Employment Opportunity charge but she failed to do so. Accordingly, Finley's claim that Defendant retaliated against her for filing her Equal Employment Opportunity charge remains unexhausted and this Court lacks subject matter jurisdiction to consider it.

IT IS ORDERED Judge Lynch's findings and recommendation (doc. 28) are ADOPTED IN FULL. Salazar's motion for summary judgment (doc. 14) is GRANTED.

IT IS FURTHER ORDERED the Clerk of Court shall enter judgment in favor of Defendant Salazar and close this case.

DATED this 25th day of March, 2013.

/s/ Donald W. Molloy
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT